AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means (USAO Rev. 12/20)

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>The SUBJECT DEVICES described in Attachment A | )<br>)<br>)<br>)<br>)<br>)   Case No. 8:21-MJ-00373-DUTY |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2) | Receipt and distribution of child pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of child pornography |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

Kevin Leduc
_____
*Applicant's signature*

Kevin Leduc, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: <u>Santa Ana, California</u>          Honorable Karen E. Scott, United States Magistrate Judge
                                                        *Printed name and title*

AUSA: D. Ahn (x3539)

## **ATTACHMENT A**

## **PROPERTY TO BE SEARCHED**

The SUBJECT DEVICES to be searched are described as
follows:

1.    A Samsung cell phone, model SM-G981V, bearing serial
number R3CN60M64GX;

2.    An Apple iPad, bearing serial number F4KLC1YZF19J; and

3.    A PNY 32GB thumb drive, which are currently maintained
in the custody of the Los Angeles Police Department, Los
Angeles, California.

**ATTACHMENT B**

I.   **ITEMS TO BE SEIZED**

1.   The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. §§ 2252A(a)(2) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography), namely:

a.   Child pornography, as defined in 18 U.S.C. § 2256(8)(A) and (C).

b.   Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that refer to child pornography, as defined in 18 U.S.C. § 2256(8)(A) and (C), including documents that refer to the possession, receipt, distribution, transmission, reproduction, viewing, sharing, purchase, or downloading, production, shipment, ordering, requesting, or trading of child pornography, or documents that refer to a transaction of any kind involving child pornography.

c.   Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, tending to identify persons involved in the possession, receipt, distribution, transmission, reproduction, viewing, sharing, purchase, or downloading, production, shipment, ordering, requesting, or trading of child pornography, or involved in a

transaction of any kind involving child pornography, as defined in 18 U.S.C. § 2256(8)(A) and (C).

     d.   Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that identify any minor visually depicted while engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

     e.   Any and all records, documents, programs, applications, materials, or items that are sexually arousing to individuals who are interested in minors, but that are not in and of themselves obscene or that do not necessarily depict minors involved in sexually explicit conduct. Such material is commonly known as "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, missing children, investigative techniques relating to child exploitation, sexual disorders, pedophilia, nudist publications, diaries, and fantasy writings.

     f.   Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that pertain to accounts with any Internet Service Provider.

     g.   Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, regarding ownership and/or possession of 555 S. La Veta Park

Cir., Unit 211, Orange, California 92868 (the "SUBJECT
PREMISES").

      h.   Any digital device which is itself or which
contains evidence, contraband, fruits, or instrumentalities of
the Subject Offense/s, and forensic copies thereof.

      i.   With respect to any digital device containing
evidence falling within the scope of the foregoing categories of
items to be seized:

      i.   evidence of who used, owned, or controlled
the device at the time the things described in this warrant were
created, edited, or deleted, such as logs, registry entries,
configuration files, saved usernames and passwords, documents,
browsing history, user profiles, e-mail, e-mail contacts, chat
and instant messaging logs, photographs, and correspondence;

      ii.   evidence of the presence or absence of
software that would allow others to control the device, such as
viruses, Trojan horses, and other forms of malicious software,
as well as evidence of the presence or absence of security
software designed to detect malicious software;

      iii. evidence of the attachment of other devices;

      iv.   evidence of counter-forensic programs (and
associated data) that are designed to eliminate data from the
device;

      v.   evidence of the times the device was used;

vi.   passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

viii.   records of or information about Internet Protocol addresses used by the device;

ix.   records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2.   As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3.   As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as

telephone paging devices, beepers, mobile telephones, and smart
phones; digital cameras; gaming consoles (including Sony
PlayStations and Microsoft Xboxes); peripheral input/output
devices, such as keyboards, printers, scanners, plotters,
monitors, and drives intended for removable media; related
communications devices, such as modems, routers, cables, and
connections; storage media, such as hard disk drives, floppy
disks, memory cards, optical disks, and magnetic tapes used to
store digital data (excluding analog tapes such as VHS); and
security devices.

## II.  SEARCH PROCEDURE FOR DIGITAL DEVICES

4.    In searching digital devices or forensic copies
thereof, law enforcement personnel executing this search warrant
will employ the following procedure:

a.    The search team shall complete the search as soon
as is practicable but not to exceed 120 days from the date of
execution of the warrant.  The government will not search the
digital device(s) and/or forensic image(s) thereof beyond this
120-day period without obtaining an extension of time order from
the Court.

b.    The search team will conduct the search only by
using search protocols specifically chosen to identify only the
specific items to be seized under this warrant.

i.    The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized.  The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

ii.   The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques, including to search for known images of child pornography.

c.    If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

d.    If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

e.    If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

f.    If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

g.    The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

h.    After the completion of the search of the digital devices, the government shall not access digital data falling

outside the scope of the items to be seized absent further order of the Court.

5.   This warrant authorizes a review of electronic storage media seized, electronically stored information, communications, other records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

6.   In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

   a.   Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

   b.   Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

ix

c.    Any magnetic, electronic, or optical storage device capable of storing digital data;

d.    Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

e.    Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f.    Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

g.    Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

7.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

x

## AFFIDAVIT

I, Kevin Leduc, being duly sworn, declare and state as follows:

### I.  INTRODUCTION

1.   I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), assigned to HSI Orange County, California.  In 2014 I was hired as a Computer Forensic Analyst.  In 2017, I attended the Criminal Investigators Training Program located at the Federal Law Enforcement Training Center in Glynco, Georgia.  I have participated in and/or received training in numerous investigations of criminal activity, including, but not limited to, the investigation of narcotics offenses, money laundering, fraud, child pornography, alien smuggling and human trafficking. During investigation of these matters, I have participated in the execution of search warrants.

2.   I investigate, among other things, the sexual exploitation of children and child pornography in the Central District of California as part of the Orange County Child Exploitation Task Force ("OCCETF").  The OCCETF is responsible for enforcing federal criminal statutes involving the sexual exploitation of children under Title 18, United States Code, Section 2252, et seq.  As part of these investigations, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media.  Moreover, I am a federal law enforcement

officer who is engaged in enforcing criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

## II.  PURPOSE OF AFFIDAVIT

3.   This affidavit is made in support of an application for a warrant to search:

a.   A Samsung cell phone, model SM-G981V, bearing serial number R3CN60M64GX;

b.   An Apple iPad, bearing serial number F4KLC1YZF19J; and

c.   A PNY 32GB thumb drive (collectively, the "SUBJECT DEVICES"), more fully described below and in Attachment A, and to seize evidence, fruits, and instrumentalities of criminal conduct, as specified in Attachment B, which is also attached hereto and incorporated by reference, of violations of 18 U.S.C. §§ 2252A(a)(2) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography) (collectively, the "Subject Offenses").

4.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

2

### III. **PROBABLE CAUSE**

5.   On or about May 26, 2021, the Honorable John D. Early, United States Magistrate Judge, issued multiple federal search warrants, Nos. 21-MJ-00360 through 21-MJ-00363, authorizing the search and seizure of evidence of violations of 18 U.S.C. §§ 2252A(a)(2) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography) (collectively, the "Subject Offenses"), with respect to an individual named Kenneth Dye.  Those warrants, at the above-noted case numbers, are incorporated by reference herein.

6.   On or about May 27, 2021, agents executed those search warrants, including at the residence of Kenneth Dye, to seize evidence of the Subject Offenses.  During the search at Dye's residence, computer forensics personnel conducted an onsite preview of a laptop and located child sexual abuse material. That same day, law enforcement found the SUBJECT DEVICES in and around Dye's workspace at the Los Angeles Police Department's ("LAPD") Wilshire Division, specifically on Dye's desk and in his backpack and lunch container.  As noted in the previously submitted search warrant, IP address 45.48.97.168, which was provided by Yahoo as part of a cybertip relating to Dye, returned to LAPD's Wilshire Division; and based on information from LAPD, I know that Dye is currently stationed and works at the LAPD Wilshire Division, and has worked there since in or around May 2003.

7.    Based on the foregoing, I submit that there is
probable cause to believe that evidence of the Subject Offenses
will be found on the SUBJECT DEVICES.

### IV. TRAINING AND EXPERIENCE ON DIGITAL DEVICES

8.    Based on my training, experience, and information from
those involved in the forensic examination of digital devices, I
know that the following electronic evidence, inter alia, is
often retrievable from digital devices:

a.    Forensic methods may uncover electronic files or
remnants of such files months or even years after the files have
been downloaded, deleted, or viewed via the Internet.  Normally,
when a person deletes a file on a computer, the data contained
in the file does not disappear; rather, the data remain on the
hard drive until overwritten by new data, which may only occur
after a long period of time.  Similarly, files viewed on the
Internet are often automatically downloaded into a temporary
directory or cache that are only overwritten as they are
replaced with more recently downloaded or viewed content and may
also be recoverable months or years later.

b.    Digital devices often contain electronic evidence
related to a crime, the device's user, or the existence of
evidence in other locations, such as, how the device has been
used, what it has been used for, who has used it, and who has
been responsible for creating or maintaining records, documents,
programs, applications, and materials on the device.  That
evidence is often stored in logs and other artifacts that are
not kept in places where the user stores files, and in places

where the user may be unaware of them.  For example, recoverable data can include evidence of deleted or edited files; recently used tasks and processes; online nicknames and passwords in the form of configuration data stored by browser, e-mail, and chat programs; attachment of other devices; times the device was in use; and file creation dates and sequence.

       c.   The absence of data on a digital device may be evidence of how the device was used, what it was used for, and who used it.  For example, showing the absence of certain software on a device may be necessary to rebut a claim that the device was being controlled remotely by such software.

       d.   Digital device users can also attempt to conceal data by using encryption, steganography, or by using misleading filenames and extensions.  Digital devices may also contain "booby traps" that destroy or alter data if certain procedures are not scrupulously followed.  Law enforcement continuously develops and acquires new methods of decryption, even for devices or data that cannot currently be decrypted.

   9.   Based on my training, experience, and information from those involved in the forensic examination of digital devices, I know that it is not always possible to search devices for data during a search of the premises for a number of reasons, including the following:

       a.   Digital data are particularly vulnerable to inadvertent or intentional modification or destruction.  Thus, often a controlled environment with specially trained personnel may be necessary to maintain the integrity of and to conduct a

complete and accurate analysis of data on digital devices, which may take substantial time, particularly as to the categories of electronic evidence referenced above.  Also, there are now so many types of digital devices and programs that it is difficult to bring to a search site all of the specialized manuals, equipment, and personnel that may be required.

b.   Digital devices capable of storing multiple gigabytes are now commonplace.  As an example of the amount of data this equates to, one gigabyte can store close to 19,000 average file size (300kb) Word documents, or 614 photos with an average size of 1.5MB.

10.  Other than what has been described herein, to my knowledge, the United States has not attempted to obtain this data by other means.

## V.   CONCLUSION

11.  For all the reasons described above, there is probable cause to believe that evidence, contraband, fruits, and instrumentalities of violations of the Subject Offenses, as described above and in Attachment B of this affidavit, will be

//

//

6

found in a search of the person and premises further described above and in Attachment A of this affidavit.

Attested to by the applicant in accordance with the requirements of Fed. R.  Crim. P. 4.1 by telephone on this ___ day of June 2021.

_____
HONORABLE KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE